**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ASLAM MUHAMMAD and IMRAN MUHAMMAD, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiffs,** | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| **GRA CONVENIENT INC., GRA CONVENIENT 1 INC., GRA CONVENIENT II INC., GRA CONVENIENT III INC., ADNAN SAEED and JOHN DOE CORP., Jointly and Severally,** | **Jury Trial Demanded** |
| **Defendants.** | |

Plaintiffs Aslam Muhammad and Imran Muhammad (together, the "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former convenient store employees of Defendants' chain of stores located in Brooklyn, New York.  For their work, Defendants paid Plaintiffs on a salary basis which failed to compensate Plaintiffs at not less than minimum wage for all hours worked and did not provide overtime premiums for hours worked over forty (40) hours in a given workweek.  In addition, Defendants did not pay Plaintiffs spread-of-hours premiums for shifts lasting more than ten (10) hours and did not provide Plaintiffs with wage notices or wage statements.

2.      Plaintiffs bring this action to recover unpaid minimum wage and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*  Plaintiffs also bring claims for unpaid spread-of-hours premiums and for failure to provide wage notice and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.      Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all store employees working for Defendants in New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial

part of the events or omissions giving rise to this claim occurred in this district and Defendants' businesses are located in this district.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### THE PARTIES

**Plaintiffs:**

8.     Plaintiff Aslam Muhammad ("Aslam") was, at all relevant times, an adult individual residing in Kings County, New York.

9.     Plaintiff Aslam consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

10.     Plaintiff Imran Muhammad ("Imran") was, at all relevant times, an adult individual residing in Kings County, New York.

11.     Plaintiff Imran consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

12.     During the relevant time period, Plaintiffs performed work for Defendants at their various stores located throughout Brooklyn.

**Defendants:**

13.     GRA Convenient Inc. is an active New York corporation with its principal place of business at 2950 Avenue U, Brooklyn, New York 11229.  GRA Convenient Inc. was registered with the New York State Department of State, Division of Corporations on June 15, 2010.

14.     GRA Convenient 1 Inc. is an active New York corporation doing business as "One & 1 The Ultimate Convenience" with its principal place of business at 6501 Bay Parkway,

Brooklyn, New York 11204. GRA Convenient 1 Inc. was registered with the New York State Department of State, Division of Corporations on August 17, 2011.

15.     GRA Convenient II Inc. is an active New York corporation doing business as "One & 1 The Ultimate Convenience" with its principal place of business at 7626 5th Avenue, Brooklyn, New York 11209. GRA Convenient II Inc. was registered with the New York State Department of State, Division of Corporations on June 15, 2012.

16.     GRA Convenient III Inc. is an active New York corporation doing business as "One & 1 The Ultimate Convenience" with its principal place of business at 6520 18th Avenue, Brooklyn, New York 11204. GRA Convenient III Inc. was registered with the New York State Department of State, Division of Corporations on May 22, 2014.

17.     Upon information and belief, John Doe Corp. represents the corporate entity doing business as "One & 1 The Ultimate Convenience" which operates the convenient store located at 754 Coney Island Avenue, Brooklyn, New York 11218.

18.     The corporate entities listed in paragraphs 13 through 17 are hereinafter referred to collectively as the "Corporate Defendants."

19.     The Corporate Defendants are operated together as a single business enterprise, with the same employment policies, including wage and hour policies, established and carried out by Adnan Saeed.

20.     The Corporate Defendants' operations are interrelated and unified.

21.     Adnan Saeed ("Saeed" or the "Individual Defendant" and, collectively with the Corporate Defendants, the "Defendants") is an owner and operator of the Corporate Defendants, who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

22.     Saeed participated in the day-to-day operations of the Corporate Defendants and acted intentionally in his direction and control of Plaintiffs and the Corporate Defendants' other similarly situated employees and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

23.     Upon information and belief, Defendants' employees, including Plaintiffs, are freely interchangeable, the various business operations are marketed as one entity, the Individual Defendant is a constant presence inside all of the stores, the Defendants engage in the same wage and hour practices and policies in all of their stores, and all employees are paid by the same payroll methods.

24.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

25.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

26.     At all relevant times, Plaintiffs, the opt-in plaintiffs and Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

27.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

28.     At all relevant times, the Corporate Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since January 27, 2014 and through the entry of judgment in this case (the "Collective Action Period") who worked as convenient store employees (the "Collective Action Members").

30.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wage or overtime premium payments for all hours worked in excess of forty (40) hours per week.

31.     Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

32.     Pursuant to the NYLL, Plaintiffs bring their Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants at any time since January 27, 2011 and through the entry of judgment in this case (the "Class Period") who worked as convenient store employees at any of Defendants' stores in New York (the "Class Members").

33.     <u>The Class Members are readily ascertainable</u>. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

34.     The Class Members are so numerous that joinder of all members is impracticable.

35.     Upon information and belief, there are approximately forty (40) Class Members.

36.     Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include:

    a.  whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

    b.  whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

    c.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members minimum wages for all hours worked;

    d.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

    e.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members an extra hour of minimum wage when working shifts in excess of then (10) hours or split shifts;

    f.  whether Defendants failed to provide accurate wage notice to Plaintiffs and Class Members at the beginning of his employment and/or on February 1 of each year as required by the NYLL;

    g.  whether Defendants failed to provide accurate wage statements to Plaintiffs and Class Members with each payment of wages as required by the NYLL;

h. whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

37. <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, were convenient store employees who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid on a salary basis which did not include overtime premium pay for hours worked over forty (40) in a given workweek and/or minimum wages for all hours worked, spread-of-hour premiums for shifts lasting ten (10) or more hours, and they did not receive accurate wage notices or wage statements. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

38. <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

39. Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

40. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

41. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

42.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Defendants' Stores

43.     At all relevant times, Defendants have operated a chain of at least five (5) convenient stores in Brooklyn doing business as "One & 1 The Ultimate Convenience" at the following locations:

    a.      2950 Avenue U, Brooklyn, New York 11229;

    b.      6501 Bay Parkway, Brooklyn, New York 11204;

    c.      7626 5th Avenue, Brooklyn, New York 11209;

    d.      6520 18th Avenue, Brooklyn, New York 11204; and

    e.      754 Coney Island Avenue, Brooklyn, New York 11218.

44.     Upon information and belief, the Individual Defendant is the sole owner and operator of the convenient stores.

45.     The Individual Defendant is listed as the DOS Process contact for GRA Convenient 1 Inc. and GRA Convenient III Inc.

46.     The Individual Defendant travels between the store locations on an almost daily basis, where he oversees the business, supervises employees and generally takes an active role in ensuring that the business is run in accordance with his practices and procedures.

47.     The Individual Defendant handles payroll and other functions of the business and, upon information and belief, maintains a handwritten log book of wages paid to his employees.

**Plaintiffs' Work for Defendants**

48.     Plaintiff Aslam was employed by Defendants from in or around May 2011 through December 3, 2016 (the "Aslam Employment Period").

49.     Throughout the Imran Employment Period, Imran worked for Defendants in at least three (3) of Defendants' store locations:  6501 Bay Parkway, Brooklyn, New York 11204, 2950 Avenue U, Brooklyn, New York 11229 and 6520 18th Avenue, Brooklyn, New York 11204.

50.     Although his schedule varied throughout the Aslam Employment Period, Aslam generally worked the overnight shift from 6:00 pm to 6:00 am, seven (7) days each week, for a total of approximately eighty-four (84) hours per week.  For a period of approximately nine (9) months when Defendants' store located at 6501 Bay Parkway, Brooklyn, New York 11204 first opened, in or around late 2011, Aslam worked fifteen (15) hours per day, seven (7) days per week, for a total of approximately one hundred and five (105) hours per week.

51.     For his work, for approximately the first two (2) years of the Aslam Employment Period, Aslam was paid a salary of $450.00 per week.  Thereafter, for the remainder of the Aslam Employment Period, Aslam was paid a salary of $475.00 per week.

52.     Plaintiff Imran was employed by Defendants from in or around February 7, 2012 through September 1, 2015 (the "Imran Employment Period").

53.     Throughout the Imran Employment Period, Imran worked in at least three (3) of Defendants' store locations:  6501 Bay Parkway, Brooklyn, New York 11204, 7626 5th Avenue, Brooklyn, New York 11209 and 6520 18th Avenue, Brooklyn, New York 11204.

54.     Although his schedule varied throughout the Imran Employment Period, Imran generally worked the overnight shift, from 6:00 pm to 6:00 am, seven (7) days each week, for a total of approximately eighty-four (84) hours per week.

55.     For his work, throughout the Imran Employment Period, Imran was paid a weekly salary of $450.00.

56.     Throughout their respective employment periods, Plaintiffs were paid their wages entirely in cash from Defendant Saeed.

57.     Throughout their respective employment periods, Plaintiffs were rarely, if ever, permitted to take a full thirty-minute uninterrupted lunch break because they would often be the only employee working in the store at any one time.

58.     Throughout their respective employment periods, Plaintiffs typically worked well in excess of forty (40) hours per week yet they were paid a weekly salary and did not receive overtime premiums for hours worked over forty (40) each week.

59.     Throughout their respective employment periods, based on the number of hours Plaintiffs worked each week, their weekly salary did not provide them at least minimum wage for all hours worked each week.

60.     Throughout their respective employment periods, Plaintiffs typically worked shifts in excess of ten (10) hours or split shifts and were not paid spread-of-hours premiums equal to an extra hour of minimum wage for such days.

61.     Throughout their respective employment periods, Plaintiffs were not provided with any statement detailing the number of hours worked or their hourly rate.

62.     Plaintiffs were also not provided with a wage notice at the beginning of their employment and/or by February 1 of each year.

63.     Throughout their respective employment periods, Plaintiffs were transferred between Defendants' store locations and also worked in multiple store locations in a single day.

64.     Plaintiffs, the Collective Action Members, and the Class Members were all paid

pursuant to the same corporate policies of Defendants, including paying varying hourly rates for fewer hours than the actual hours worked each week and which did not include minimum wages and/or overtime premiums.

65.     Plaintiffs have spoken with other employees of Defendants, who similarly worked in excess of forty (40) hours per week during the Class Period and were similarly paid a flat weekly salary with no overtime premiums of one and one-half (1.5) times their hourly rate for hours worked over forty (40) hours per week and/or minimum wages for all hours worked.  Defendants' failure to pay Plaintiffs, the Collective Action Members and Class Members minimum wages for all hours worked and/or overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants that applied to all of their employees throughout the Class Period.

66.     Plaintiffs have spoken with other employees of Defendants, who similarly were not paid an extra hour of minimum wage when working shifts of ten (10) hours or split-shifts. Defendants' failure to pay spread-of-hours premiums was a corporate policy that applied to all non-management employees throughout the Class Period.

67.     Plaintiffs have spoken with other employees of Defendants, who similarly received no wage statements with their payment of wages.  Defendants' failure to provide wage statements in accordance with the requirements of the NYLL was a corporate policy that applied to all non-management employees throughout the Class Period.

68.     Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

69.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70.     By paying Plaintiffs a low weekly salary which did not increase based on the hours worked each week, Defendants failed to pay minimum wage for all hours worked. Defendants have thus violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

71.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72.     Defendants' failure to pay minimum wages caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

73.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74.     By paying Plaintiffs a flat weekly salary which did not fluctuate based on the hours worked, Defendants failed to pay overtime at a rate not less than one and one-half (1.5) times the

regular rate of pay for work performed in excess of 40 hours per week. Defendants have thus violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76. Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

77. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78. Defendants willfully violated Plaintiffs' and the Class Members' rights by paying a low weekly salary which did not include minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

79. Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiffs and the Class Members)

80. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

81. Defendants willfully violated Plaintiffs' and the Class Members' rights by paying a flat weekly salary, which did not include overtime compensation at a rate of one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

82. Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
### (Brought on Behalf of Plaintiffs and the Class Members)

83. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in

violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146.16 (2012).

85.     Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SIXTH CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE</u>**
**(Brought on Behalf of Plaintiffs and the Class Members)**

86.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

87.     Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiffs and the Class Members)**

89.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

90.     Defendants have willfully failed to supply Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

91.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as

provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.   Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.   An order tolling the statute of limitations;

d.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.   An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.     An award of compensatory damages as a result of Defendants' failure to pay minimum wages and overtime premiums pursuant to the FLSA and the NYLL and supporting regulations;

g.     An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime premiums pursuant to the FLSA and the NYLL and supporting regulations;

h.     An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.     Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.     One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.     An award of prejudgment and post-judgment interest;

l.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.     Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      January 27, 2017

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs, the putative collective
and class*

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of GRA No. 1 and Adnan Saeed, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me prevailing wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.


_____          _____
           Signature                                    Printed Name

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of GRA No. 1 and Adnan Saeed, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me prevailing wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.


_____
Signature

_____
Printed Name